UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Katy Ann Shephard,  Case No. 17-11381-t13

    Debtor.

MARK COHEN,

    Plaintiff,

vs.  Adversary No. _____

KATY ANN SHEPHARD,

    Defendant.

## COMPLAINT FOR DETERMINATION EXCEPTING DEBT FROM DISCHARGE, FOR DAMAGES, AND FOR DENIAL OF DISCHARGE

Plaintiff Mark Cohen ("Creditor" or "Cohen"), by counsel, Maxwell Law, P.C. (Leslie D. Maxwell), for his Complaint against the defendant Katy Ann Shephard ("Shephard" or "Debtor"), states:

### Jurisdiction

1. Creditor is an individual residing in Las Vegas, Nevada.

2. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code[1] on May 31, 2018 (the "Petition Date").

3. This is an action under §§ 523(a)(2) and (6) for determination excepting the debt owed to Creditor by Debtor from discharge.

4. The Court has jurisdiction over the subject matter and parties to this action.

5. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 1334.

---

[1] All statutory references are to 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

6. Venue is proper in this Court.

## Facts

7. Creditor hereby incorporates all factual allegations set forth in the *Complaint* attached hereto as <u>Exhibit A.</u>

## Count 1 – determination of nondischargeability under § 523(a)(2)

8. Creditor incorporates by reference the paragraphs set out above as if fully set forth herein, and further alleges as follows:

9. Creditor intentionally and fraudulently misrepresented and concealed her true intention regarding the property to her detriment.

10. Creditor made false representations.

11. Creditor made false representations orally and in writing with the purpose and intent of deceiving Creditor.

12. Creditor did in fact rely on Debtor's representations and continued to rely on them.

13. Creditor's reliance on Debtor's representations was justified.

14. Debtor obtained the funds because of her fraudulent acts, misrepresentations, and omissions.

15. As a result of Debtor's fraudulent acts and misrepresentations, Creditor was damaged.

## Count 2 – determination of Nondischargeability under § 523(a)(6)

16. Creditor incorporates by reference the paragraphs set out above as if fully set forth herein, and further alleges as follows:

17. Creditor's property sustained an injury;

Case 18-01063-t    Doc 1    Filed 09/24/18    Entered 09/24/18 15:41:19 Page 2 of 20

18. The injury was caused by the Debtor;

19. The Debtor's actions were willful and;

20. The debtor's actions were malicious.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment:

(a) Determining the amount of Creditor's damages, allowing Creditor's claim in that amount, and granting a money judgment against Debtor and in favor of Creditor in that amount;

(b) Excluding Defendant's debt to Creditor from discharge under 11 U.S.C. § 523(a)(2);

(c) Excluding Defendant's debt to Creditor from discharge under 11 U.S.C. § 523(a)(6); and,

(d) Granting judgment and other relief in Creditor's favor as the Court deems just.

Respectfully submitted by:

MAXWELL LAW, P.C.

*s/filed electronically 9/24/2018*
Leslie D. Maxwell
500 Marquette N.W., Suite 650
Albuquerque, N.M. 87102
(505) 766-9272
e-mail: lmaxwell@walkerlawpc.com
*Attorneys for Creditor*

<span style="color:red">**EXHIBIT A**</span>

**COMP**
MICHAEL C. VAN, ESQ.
Nevada Bar No. 3876
KARL A. SHELTON, ESQ.
Nevada Bar No. 12868
**SHUMWAY VAN**
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770
Facsimile:  (702) 478-7779
Email: michael@shumwayvan.com
Email:karl@shumwayvan.com
*Attorneys for Plaintiff*

# EIGHTH JUDICIAL DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| MARK ANTHONY COHEN,<br><br>Plaintiff,<br><br>vs.<br><br>DEANNA BOWDEN, an individual; AWARD REALTY CORP, a domestic corporation; MICHAEL DAWSON, an individual; DAWSON MAINTENANCE GROUP; WILLIAM J. SHEPHARD, an individual; KATY SHEPHARD, an individual; and DOES I through X, inclusive,<br><br>Defendants. | Case No.<br>Dept. No.<br><br>**COMPLAINT** |

Plaintiff, MARK ANTHONY COHEN ("Mr. Cohen"), by and through his attorneys of record, MICHAEL C. VAN, ESQ., and KARL A. SHELTON, ESQ. of the law firm SHUMWAY VAN, complains and avers against Defendants, DEANNA BOWDEN ("Ms. Bowden"), AWARD REALTY CORP. ("Award Realty"), MICHAEL DAWSON ("Mr. Dawson"), DAWSON MAINTENANCE GROUP ("Dawson Maintenance"), WILLIAM J. SHEPHARD ("Mr. Shephard"), and KATY SHEPHARD ("Mrs. Shephard") as follows:

## INTRODUCTION

1.	This is a civil action filed by Mr. Cohen against Ms. Bowden, Award Realty, Mr. Dawson, Dawson Maintenance, Mr. Shepard and Mrs. Shepard for misconduct and/or breaches of duties related to the purchase of a single-family residence located at 5893 Lone Ranch Ave., Las Vegas, NV 89131 (the "Property").

2.	As described in the allegations below, Defendants' misconduct included the use of false and deceptive real estate trade practices, and the violation of multiple Nevada Revised Statutes and purchaser rights. Each of the allegations regarding Defendants contained herein applies to instances in which one or more, and in some cases all of the Defendants engaged in the conduct alleged.

## PARTIES IN JURISDICTION

3.	Plaintiff, Mark Cohen, at all times relevant hereto is and was a resident of Nevada County of Clark. In relation to the subject transaction, Mr. Cohen purchased the Property.

4.	Defendant Deanna Bowden, upon information and belief and at all times material herein, is and/or was a resident of Nevada, County of Clark. In relation to the subject transaction, Ms. Bowden was the listing agent and/or seller's agent for the Property.

5.	Defendant Award Realty Corp., upon information and belief and at all times material herein, is and/or was domestic corporation. In Relation to the subject transactions, Award Realty, upon information and belief, at all times material herein employed Defendant Ms. Bowden as a real estate agent and was her broker of record.

6.	Defendant Michael Dawson, upon information and belief and at all times material herein, is and/or was Resident of Nevada, County of Clark. In relation to the subject transactions, Mr. Dawson was an independent contractor hired by Ms. Dawson to conduct repairs upon Plaintiff's home.

7.	Defendant Dawson Maintenance Group, upon information and belief and at all times material herein, is and/or was Nevada limited liability company, authorized to do business in Nevada. Upon information and belief, Dawson Maintenance Group is an *alter ego* of Defendant Michael Dawson. In relation to the subject transactions, Dawson Maintenance Group was the entity that billed Defendant Deanna Bowden for services

rendered at the Property.

8.　Defendant William J. Shephard, upon information and belief and at all times material herein, is and/or was a resident of Nevada, County of Clark. In relation to the subject transaction, Mr. Shephard was a seller of the Property.

9.　Defendant Katy Shephard, upon information and belief and at all times material herein, is and/or was a resident of Nevada, County of Clark. In relation to the subject transaction, Mrs. Shephard was a seller of the Property.

10.　The Defendants DOES 1 through 10, are set forth herein pursuant to Rule 10 of the Nevada Rules of Civil Procedure as all unknown persons or business entities currently unknown to Plaintiff who have a claim to any interest in the subject matter of this action, whose true name(s) is (are) unknown to Plaintiff, and who are believed to be responsible for the events and happenings referred to in this Complaint, causing injuries and damages to the Plaintiff, or who are otherwise interested in the subject matter of this Complaint. At such time when the names of said DOES have been ascertained, Plaintiff will request leave from the Court to insert their true names and capacities and adjoin them in this action so that the Complaint will be amended to include the appropriate names of said DOES.

11.　Plaintiff's claims arise out Defendants' failures to disclose conditions affecting the value of real property located in Clark County Nevada which was purchased by Plaintiff.

12.　Jurisdiction is obtained and venue is properly set in the Eighth Judicial District Court for the State of Nevada.

## JURISDICTION AND VENUE

13.　The transactions and property which constitute the subject matter of the instant Complaint occurred, and is located, in Clark County, Nevada, and therefore, jurisdiction and venue are appropriate with this Court

14.　Additionally, this Court has personal jurisdiction over the Defendants because the individual defendants were residents of the State of Nevada, County of Clark at all times material herein, and because at all times material herein, Banana Investments, New Vista,

Red Iris were registered, operated, and transacted business in the State of Nevada, Count of Clark.

...

...

...

### GENERAL ALLEGATIONS

15. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

16. In late 2016, Mr. Cohen was searching to purchase a residential property in the Las Vegas Metropolitan Area. Defendants, Mr. and Mrs. Shephard were the owners of a property they were offering to sell located at 5893 Lone Ranch Ave., Las Vegas, NV 89131 (the "Property").

17. On or around January 2017, Mr. Cohen, viewed the Property with his realtor, Ivy Garner of Urbanest Realty [handwritten, replacing struck-through "Deanna Bowden ("Ms. Bowden") of Award Realty Corp. ("Award Realty")"], noted things in need of repair, including: cracked roof tiles, and leaks in the ceiling. He pointed these defects out to Defendants, who assured him that all damage would be repaired.

18. On or about January 6, 2017, Mr. Cohen decided to purchase the Property for $484,000 [handwritten, replacing struck-through "$469,025.00"], and signed a Request for Repair along with Mr. and Mrs. Shephard wherein they stipulated they would perform repairs to the roof and ceiling prior to the close of escrow.

19. On January 11, 2017, in connection with the sale of the Property, Ms. Bowden, on behalf of Defendants, executed the Seller's Real Property Disclosure Form, wherein Ms. Bowden made the following representations regarding the Property:

    a. There were no known problems of defects relating to the roof;

    b. There were no known problems of defects relating to previous or current moisture conditions and/or water damage; and

    c. There were no known problems of defects relating to previous or current

SHUMWAY VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

fungus or mold.[1]

20. On or about January 9, 2017 the Property was inspected by Bridge Home Inspections. The inspection revealed a number of items suggested for repair, such as the repair of a cracked roof tile. In addition, the inspector noted the presence of a water stain in the ceiling near the rear slider, but failed to identify significant issues with leaks, or mold in the ceiling.

...

21. In early February, the Property began to experience a large number of leaks and drips from the ceiling. Upon closer inspection by Mr. Cohen, it appeared that there were a number of spots covered in a special paint primer designed to hide water damage.

22. Mr. Cohen contacted Ms. Bowden about the leaks and requested a licensed roofer to come and prevent future leaks and Ms. Bowden responded by saying she would send over Mr. Michael Dawson ("Mr. Dawson") of Dawson Maintenance Group.

23. Mr. Dawson contacted Mr. Cohen and came to the Property on February 18, 2017. Mr. Dawson's solution to the problem was to lay a tarp over the cracked roof tiles. Mr. Dawson secured the tarp by lashing it to Mr. Cohen's Heliocol Solar Panels ("Solar Panels"), a system designed to heat the Property's pool. A few days later, as a result of high winds, the tarp fell from the roof, and pulled the Solar Panels from the roof causing extensive damage to the Solar Panels and the spot on the room where it was mounted.

24. Throughout the month of February and the beginning of March 2017, Mr. Cohen repeatedly reached out to both Ms. Bowden and Mr. Dawson concerning the necessary repairs to the Property. Though Ms. Bowden assured Mr. Cohen she would take swift action, no repairs were made, and damage to the Property began to compound.

25. In early March, Mr. Cohen engaged the Dean Industries, LLC ("Dean Industries") and the Original Roofing Company ("Original Roofing") to investigate and evaluate the cause of the leaks and the costs associated with repairs to the roof and other parts of the

---

[1] A true and correct copy of Defendants' Seller's Real Property Disclosure Form is attached hereto as **Exhibit 1**.

Property.

26. After conducting its investigation, both Dean Industries and Original Roofing determined the leaks were caused by cracks in the tiles, that allowed water to get beneath the tiles and pool. Dean Industries presented Mr. Cohen with a bid for repairs totaling some $10,560.00 to remove the tile, clean away the debris and damaged areas, before properly re-tiling the roof and installing a drip edge. Roofing Company recommended the same at an estimated cost of $8,700.00.

27. In addition, the leaks had caused significant damage to the inside of the house. Mr. Cohen reached out to Ultimate Choice Restoration ("Ultimate Choice") for an estimate of repairs. Ultimate Choice determined that insulation would need to be replaced, new drywall hung, in addition to new stucco and lighting fixtures, all at an estimated cost of $12,735.56.

28. Indeed, Mr. Cohen learned that Eagle Lift inspected the Property, provided a condition report, and submitted repair bid to Banana Investments' purchase of the Property in January 2013.[2]

29. On information and belief, Defendants Mr. and Mrs. Shephard were aware of the level of existing damage caused by the cracked roof. However, the details of the severity of the damage were never disclosed to Mr. Cohen prior to his purchase of the Property.

**FIRST CAUSE OF ACTION**

**(Statutory Violations of NRS Chapter 645 against Ms. Bowden and Award Realty Corp.)**

30. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

31. Chapter 645 of the Nevada Revised Statutes regulates the practice of real estate brokers and salespersons.

32. Under Nevada law, Defendants were required to disclose to Mr. Cohen as soon as is practicable "[a]ny material and relevant facts, data or information which the licensee

---

[2] A true and correct copy of the 01/22/2013 Eagle Lift Foundation Report and Repair Recommendations is attached hereto as **Exhibit 2**.

knows, or which by the exercise of reasonable care and diligence should have known, relating to the property which is the subject of the transaction."

33. Under Nevada law, Defendants were required to "exercise reasonable skill and care with respect to" Mr. Cohen.

34. Under Nevada law, Defendants were required to "disclose to the client material facts of which the licensee has knowledge concerning the transaction."

35. Under Nevada law, Defendants were required to not "deal with any party to a real estate transaction in a manner which is deceitful, fraudulent or dishonest."

36. The Defendants' failure to exercise reasonable care and diligence resulted in critical information regarding the property to be withheld from Mr. Cohen until after the close of escrow, causing extensive damages to Mr. Cohen in the form of costs associated with repair of the existing water damage and the repair of a large section of the roof affecting the Property. Additionally, Mr. Cohen faced additional damages due to the inaction of Ms. Bowden, and her failure to quickly rectify the damage.

37. Mr. Cohen belongs to the class of persons NRS Chapter 645 is designed to protect, and Mr. Cohen is entitled to relief of damages pursuant to these provisions.

38. Mr. Cohen's injuries are the type against which the statutes above were intended to protect.

39. As a direct, proximate, and legal result of the Defendants' violations of the aforementioned statutes, Mr. Cohen has been damaged in an amount in excess of $10,000.

40. As a result of the matters and conduct alleged herein, Mr. Cohen has been required to incur attorney's fees and costs as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to an award of reasonable attorney's fees and costs as general, special, consequential, and/or incidental damages.

## SECOND CAUSE OF ACTION

**(Violations of NAC Chapter 645 against Award Realty Corp.)**

41. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully

set forth herein.

42. Chapter 645 of the Nevada Administrative Code regulates the practice of real estate brokers and salespersons.

43. Under Nevada law, Defendant Award Realty, among other duties, had the duty to "review, oversee and manage: (a) the real estate transactions performed by [Defendant Ms. Bowden]; [and] documents that may have a material effect upon the rights or obligations of [Mr. Cohen]."

44. Award Realty's failure to review, oversee and manage the real estate transaction performed by Ms. Bowden resulted in critical information regarding the property to be Mr. Cohen until after the close of escrow, causing extensive damages to Mr. Cohen in the form of costs associated with repair of the existing water damage to the Property as well as preventive measures against future harm.

...

45. Mr. Cohen belongs to the class of persons NAC Chapter 645 is designed to protect, and Mr. Cohen is entitled to relief of damages pursuant to these provisions.

46. Mr. Cohen's injuries were the type against which the statutes above were intended to protect.

47. As a direct, proximate, and legal result of the Defendants' violations of the aforementioned statutes, Mr. Cohen has been damaged in an amount in excess of $10,000.

48. As a result of the matters and conduct alleged herein, Mr. Cohen has been required to incur attorney's fees and costs as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to an award of reasonable attorney's fees and costs as general, special, consequential, and/or incidental damages.

### THIRD CAUSE OF ACTION

**(Intentional Misrepresentation against William Shephard, Katy Shephard, Deanna Bowden and Award Realty Corp.)**

49. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

50. On January 11, 2017, Ms. Bowden, with full knowledge and consent of the William and Katy Shephard, made several false representations regarding the Property which they knew to be false, or knew were made without a sufficient basis at the time they were made by providing the following information on the Seller's Real Property Disclosure Form:

   a. There were no known problems of defects relating to the roof;
   b. There were no known problems of defects relating to previous or current moisture conditions and/or water damage; and
   c. There were no known problems of defects relating to previous or current fungus or mold.

51. Ms. Bowden, with full knowledge and consent of the Defendants made the above representations with the intent to induce Mr. Cohen to purchase the Property.

52. Mr. Cohen reasonably and justifiably relied upon the above misrepresentations with regard to the Property and entered into contract to purchase the same.

53. The Defendants' misrepresentations resulted in critical information regarding the property to be withheld from Mr. Cohen until after the close of escrow, causing extensive damages to Mr. Cohen in the form of costs associated with repair of the existing water damage to the Property as well as preventive measures against future harm.

54. As a direct, proximate, and legal result of the Conspiring Defendants' acts and/or omissions, Mr. Cohen has been damaged in an amount in excess of $10,000.

55. As a result of the matters and conduct alleged herein, Mr. Cohen has been required to incur attorney's fees and costs as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to an award of reasonable attorney's fees and costs as general, special, consequential, and/or incidental damages.

**FOURTH CAUSE OF ACTION**

**(Negligent Misrepresentation against William Shephard, Katy Shephard, Deanna Bowden and Award Realty Corp.)**

56. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

57. The Conspiring Defendants all had a pecuniary interest in the sale of the Property.

58. On January 11, 2017, Ms. Bowden, with full knowledge and consent of Defendants William and Katy Shephard made several representations regarding the Property by providing the following information on the Seller's Real Property Disclosure Form:

   a. There were no known problems of defects relating to the roof;
   b. There were no known problems of defects relating to previous or current moisture conditions and/or water damage; and
   c. There were no known problems of defects relating to previous or current fungus or mold.

59. Defendants failed to exercise reasonable care or competence in obtaining or communicating information regarding the Property to Mr. Cohen.

60. Mr. Cohen reasonably and justifiably relied upon Defendants' misrepresentations with regard to the Property and proceeded with the purchase of the same.

61. Defendants' failure to exercise reasonable care and competence communicating the above information resulted in critical information regarding the property to be withheld from Mr. Cohen until after the close of escrow, causing extensive damages to Mr. Cohen in the form of costs associated with repair of the existing water damage to the Property as well as preventive measures against future harm.

62. As a direct, proximate, and legal result of Defendants' acts and/or omissions, Mr. Cohen has been damaged in an amount in excess of $10,000.

63. As a result of the matters and conduct alleged herein, Mr. Cohen has been required to incur attorney's fees and costs as a direct, natural, and foreseeable

SHUMWAY VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770  Facsimile: (702) 478-7779

consequence thereof, has been damaged thereby, and is entitled to an award of reasonable attorney's fees and costs as general, special, consequential, and/or incidental damages.

## FIFTH CAUSE OF ACTION

**(Statutory Violations of NRS 113 against William Shephard, Katy Shephard, Deanna Bowden and Award Realty Corp.)**

64. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

65. Chapter 113 of the Nevada Revised Statutes regulates the sale of real property.

66. Under Nevada Law a seller of real property is required to disclose certain conditions affecting the property to potential purchasers, including information regarding the condition of plumbing and sewer systems on the property as well as any other condition of any other aspect of the property which affects its use or value.

67. Ms. Bowden, on behalf of Mr. and Mrs. Shephard, failed to disclose numerous conditions affecting the Property, its use and value, each of which were known to each other, including but not limited to:

    a. There were no known problems of defects relating to the roof;
    b. There were no known problems of defects relating to previous or current moisture conditions and/or water damage; and
    c. There were no known problems of defects relating to previous or current fungus or mold.

68. Mr. Cohen belongs to the class of persons NRS Chapter 113 is designed to protect, and Mr. Cohen is entitled to relief of damages pursuant to these provisions.

69. Mr. Cohen' injuries were the type against which the statutes above were intended to protect.

70. As a direct, proximate, and legal result of the Defendants' violations of the aforementioned statutes, Mr. Cohen has been damaged in an amount in excess of $10,000.

71. Pursuant to NRS 113.140(4), Mr. Cohen is entitled to treble the amount necessary

to repair or replace the defects Defendants failed to disclose to Mr. Cohen as well as Mr. Cohen' cost of suit and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION

### (Fraudulent Concealment against William Shephard, Katy Shephard, Deanna Bowden and Award Realty Corp.)

72. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

73. Defendants concealed or suppressed material facts about the Property.

74. Defendants were under a duty to disclose these material facts related to the condition of the Property to Mr. Cohen.

75. Defendants intentionally concealed or suppressed the facts related to the condition of the Property with the intent of defrauding Mr. Cohen and for the purposes of inducing Mr. Cohen to purchase the Property which Mr. Cohen would not have done had he known of the true facts about the condition of the Property.

76. Mr. Cohen was unaware of the facts regarding the condition of the Property and would have acted differently had he known of the concealed or suppressed facts.

77. As a direct, proximate, and legal result of Defendants' acts and/or omissions, Mr. Cohen has been damaged in an amount in excess of $10,000.

78. As a result of the matters and conduct alleged herein, Mr. Cohen has been required to incur attorney's fees and costs as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to an award of reasonable attorney's fees and costs as general, special, consequential, and/or incidental damages.

## SEVENTH CAUSE OF ACTION

### (Breach of Contract against William and Katy Shephard)

79. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

80. Plaintiff entered into a valid contract for the purchase of the Property with Defendants William and Katy Shephard.

81. Plaintiff performed all the material terms and conditions required under said contract.

82. Defendants William and Katy Shephard breached the contract based upon the conduct alleged herein.

83. As a direct, proximate, and legal result of Defendants' acts and/or omissions, Mr. Cohen has been damaged in an amount in excess of $10,000.

84. As a result of the matters and conduct alleged herein, Mr. Cohen has been required to incur attorney's fees and costs as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to an award of reasonable attorney's fees and costs as general, special, consequential, and/or incidental damages.

## EIGHTH CAUSE OF ACTION

### (Unjust Enrichment against Award Realty Corp. and Ms. Bowden)

85. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

86. Based upon the misrepresentations, non-disclosure, concealment and breaches by the Shephards, Plaintiff closed escrow and Award Realty Corp. and Ms. Bowden were paid real estate commissions.

87. Award Realty Corp. and Ms. Bowden will be unjustly enriched if they are allowed to retain such commission dollars paid to them as a result of their misconduct, described herein.

88. As a result of the matters and conduct alleged herein, Mr. Cohen has been required to incur attorney's fees and costs as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to an award of reasonable attorney's fees and costs as general, special, consequential, and/or incidental damages.

## NINTH CAUSE OF ACTION

### (Negligence against Award Realty Corp. and Ms. Bowden)

89. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

SHUMWAY VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

90. Defendants Award Realty Corp. and Ms. Bowden owed duties to Plaintiff to disclose any and all material facts which were in the knowledge pertaining to the condition of the Property.

91. By reasons of the conduct described herein, Defendants Award Realty Corp. and Ms. Bowden have breached the duties owed to Plaintiff.

92. As a direct, proximate, and legal result of Defendants' acts and/or omissions, Mr. Cohen has been damaged in an amount in excess of $10,000.

93. As a result of the matters and conduct alleged herein, Mr. Cohen has been required to incur attorney's fees and costs as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to an award of reasonable attorney's fees and costs as general, special, consequential, and/or incidental damages.

**TENTH CAUSE OF ACTION**

**(Negligence *per se* against all Defendants)**

94. Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

95. Each of the Defendants and/or their employees, agents, servants, and representatives failed to, among other things comply with applicable statues, codes and ordinances prior to and/or during the sale of the Property, rendering Defendants and each of them and/or their agents, employees, servants, and representatives negligent *per se*. Specifically, among other statutes, code, ordinances and regulations, Defendants breached the following:

    a. Defendants Award Realty Corp., Ms. Bowden, and Mr. and Mrs. Shephard acted in violation of Chapter 113 of the Nevada Revised Statues, including, but not limited to NRS 113.130;

    b. Defendants Award Realty Corp and Ms. Bowden acted in violation of Chapter 645 of the Nevada Revised Statues, including, but not limited to NRS 645.252;

96. Mr. Cohen belongs to the class of persons NRS Chapters 113, 645 and 645D is designed to protect.

97. Mr. Cohen' injuries were the type against which the statutes above were intended to protect.

98. As a direct, proximate, and legal result of Defendants' and and/or their employees, agents, servants, and representatives' violations of said applicable statues, code, ordinances, and regulations, among others, Mr. Cohen was caused to suffer the injuries and damages described herein.

99. As a direct, proximate, and legal result of Defendants' acts and/or omissions, Mr. Cohen has been damaged in an amount in excess of $10,000.

100. As a result of the matters and conduct alleged herein, Mr. Cohen has been required to incur attorney's fees and costs as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to an award of reasonable attorney's fees and costs as general, special, consequential, and/or incidental damages.

101. Mr. Cohen has also suffered damages in the form of diminished value of the Property as a result of the foregoing.

...
...
...
...

## ELEVENTH CAUSE OF ACTION

**(Negligence against Michael Dawson and Dawson Maintenance Group)**

102. Plaintiff hereby realleges and incorporates by this reference each and every allegation contained in Paragraphs 1 through 127, inclusive, of his Complaint as though fully set forth herein.

103. On February 18, 2017, Defendant Michael Dawson of Dawson Maintenance Group came to the Property intending to take measures designed to prevent continued damage from water leaks.

104. Mr. Dawson's attempted solution involved strapping a tarp over the spot, and attaching that tarp to the Solar Panels mounted on the roof. When high winds caused the tarp to fall off, the Solar Panels were pulled from the roof and damaged beyond repair.

105. Mr. Dawson had a duty to perform the repairs with reasonable care and diligence.

106. By reason of the conduct described herein, Mr. Dawson breached his duty to Plaintiff.

107. As a direct, proximate, and legal result of Defendant's actions Mr. Cohen was caused to suffer the injuries and damages described herein.

108. As a direct, proximate, and legal result of Defendants' acts and/or omissions, Mr. Cohen has been damaged in an amount in excess of $10,000.

109. As a result of the matters and conduct alleged herein, Mr. Cohen has been required to incur attorney's fees and costs as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to an award of reasonable attorney's fees and costs as general, special, consequential, and/or incidental damages.

...

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief as follows:

1. For damages against Defendants in an amount in excess of $10,000.00;
2. For treble damages against Award Realty Corp., Ms. Bowden, and Mr. and Mrs. Shephard pursuant to NRS 113.140(4);
3. For punitive damages;
4. For pre-judgment and post-judgment interest on all amounts awarded;
5. For reasonable attorney fees as special damages;

SHUMWAY VAN
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770 Facsimile: (702) 478-7779

6. For cost of suit incurred; and

7. For such other and further relief as this Court may deem just and proper.

Dated this ____ day of August, 2017.

                                                   SHUMWAY VAN

By:_____
MICHAEL C. VAN, ESQ. Bar # 3876
KARL A. SHETLON, ESQ. Bar #12868
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
*Attorneys for Plaintiff*