UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

KATY ANN SHEPHARD,

    Debtor,                                                                           Case No. 7-18-11371 TL

MARK COHEN,

    Plaintiff,

vs.                                                                                              Adv. No. 18-01063 t

KATY ANN SHEPHARD,

    Defendant.

## **DEFENDANTS' MOTION TO DISMISS**

***COMES NOW*** the Defendant Katy Ann Shephard, pursuant to F.R.Civ.P. 12(b)(6), made applicable hereto by Bankruptcy Rule 7012(b), by and through her undersigned counsel of record, and for her Motion to Dismiss for Failure to State a Claim, ***STATES:***

    1.      On September 24, 2018, Plaintiff filed a Complaint to Determine Dischargeability of Debt against Defendant Katy Ann Shephard in the above captioned adversary proceeding. Docket No. 1.

    2.      The Court held a scheduling conference March 22, 2019, at which the Defendant appeared by telephone. See hearing minutes March 26, 2019. The Court directed the Defendant to respond to the complaint on or before April 19, 2019. This motion is intended to be the Defendant's response to the Complaint.

    3.      Plaintiff's complaint is barren of even a single specific factual allegation; he attempts to remedy this obvious glaring omission by referencing a state court complaint he filed against sixteen individuals (10 of whom were unspecified "John Doe" defendants), one of whom

was the Debtor in this case.  Complaint paragraph 7, Exhibit A to Complaint.

4. The state court complaint contains eleven counts, three of which sound solely in Nevada statutory law, three of which sound solely in negligence or breach of contract, and three of which are directed at other defendants in that lawsuit who are not parties in this adversary proceeding.  Even the two counts that might barely (with some significant additional factual development) state a claim under 11 U.S.C. §523 do not contain even a single specific allegation of fact directed at the Debtor.

5. Plaintiff attempts to state a claim under 11 U.S.C. §523(a)(2).  Complaint.

6. To sustain an action under Section 523(a)(2)(A), Plaintiff must allege and prove the following five elements:

> 1. The debtor made a representation;
> 2. The debtor knew the representation was false when made;
> 3. The debtor made the representation with the intention and purpose of deceiving the creditor;
> 4. The creditor relied on the representation to his or her detriment; and
> 5. The creditor sustained loss and damage as the proximate result of the representation.

*In re Britton*, 950 F.2d 602 (9th Cir. 1991).  The creditor's reliance on the debtor's representation need only be "justifiable," rather than the earlier "reasonable" standard.  *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).  In addition, fraud under §523(a)(2)(A) must involve moral turpitude or intentional wrongdoing as opposed constructive or implied fraud.  *In re Black*, 787 F.2d 503 (10th Cir. 1986).

7. The facts alleged by Plaintiff, even if proven, cannot justify an exception to discharge under §523(a)(2)(A).   All of the intentional misrepresentations alleged by Plaintiff were made by Deanna Bowden and not by the Debtor.  Exhibit A to complaint, paragraphs 50-55. Plaintiff murkily alleges that "the Defendants" concealed certain facts from the Plaintiff, without

addressing specifically what those facts were, or how these Defendants managed to conceal them from the Plaintiff after he noticed them during an initial visit to the property. Exhibit A to the Complaint, paragraphs 17 and 73-76.

8. Fraud must be pleaded with specificity. Rule 9(b), F.R.Civ.P., made applicable hereto by Bankruptcy Rule 7009. Plaintiff makes no allegations of any kind against Debtor, much less specific ones.

9. Plaintiff also alleges his claim should survive Debtor's discharge in bankruptcy pursuant to 11 U.S.C. §523(a)(6). Complaint paragraphs 18-20. In order to prevail under this theory, Plaintiff must allege and prove that Debtor's conduct was both willful and also malicious. *In re Gagle*, 230 B.R. 174 (Bankr.D.Utah 1999); *Panalis v. Moore*, 357 F.3d 1125 (10th Cir. 2004). Plaintiff must demonstrate a deliberate or intentional injury, not merely an deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998).

10. Exceptions to discharge are strictly construed in favor of the debtors. *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915).

11. Merely negligent conduct by a defendant is insufficient to justify an exception to discharge under §523(a)(6). *In re Austin*, 36 B.R. 306 (Bankr. Middle Dist. TN 1984); *Kelt v. Quezada*, 718 F.2d 121 (5th Cir. 1983).

12. Vicarious or imputed liability cannot support nondischargeability pursuant to 11 U.S.C. §523(a)(6). *First New Mexico Bank v. Bruton (In re Bruton)*, Adv. No. 09-1187 j, Docket No. 23 (N.M. Bankr. 2010).

13. Plaintiff alleges no specific willful or malicious conduct by Debtor or by anyone else. Complaint and Exhibit, generally.

14. As in *Austin, supra*, Plaintiff alleges statutory violations by the various state court

Defendants in an attempt to justify a §523(a)(6) exception to discharge. Exhibit A to Complaint paragraphs 31-46, 65-69. As Judge Lundin noted in the *Austin* opinion, statutory violations may establish negligence but are insufficient to establish willful and malicious injury. *Austin* at 310.

15. At the end of the day the entire complaint is nothing but negligence allegations with the bare statutory language of 11 U.S.C. §523 added. The Supreme Court has ruled that although a trial court must accept as true all allegations in the complaint, it need not accept:

> "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements" or "a legal conclusion couched as a factual allegation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) citation and internal quotations omitted.

16. Defendant requested the concurrence of opposing counsel in the relief requested; Plaintiff does not consent.

**WHEREFORE**, Defendant Katy Ann Shephard prays the Court to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6), F.R.Civ.P., in the alternative to direct Plaintiff to file an amended complaint which complies with applicable federal law and rules, and for such other and further relief as the Court may deem just and proper.

    Respectfully submitted

    Filed electronically   4/17/19
    Michael K. Daniels
    PO Box 1640
    Albuquerque, NM 87103
    (505) 246-9385; 246-9104 fax
    mike@mdanielslaw.com

I hereby certify I sent a true and correct copy of the foregoing to the following parties, either through regular mail as listed below, or through the Court's electronic noticing system, depending upon the CM/ECF subscription status of the party in question, on April 17, 2019.

    Leslie D. Maxwell
    9400 Holly Ave. NE Bldg. 4
    Albuquerque, NM    87122

  Certified on   4/17/19
Michael K. Daniels